### No. 3411

### Second Circuit

### EDDINS v. NATL. LIFE & ACCIDENT INS. CO.

(April 9, 1931. Opinion and Decree.)
(May 20, 1931. Rehearing Refused.)
(November 3, 1931. On Writs of Certiorari and Review to Supreme Court, Judgment of Court of Appeal reversed and Judgment of District Court Reinstated.)

Dickson & Denny, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis, Wilkinson & Buford, of Shreveport, attorneys for defendant. appellant.

McGREGOR, J. On August 13, 1925, Sophie Eddins made application to the defendant for life insurance, under which a policy was issued as of August 31, 1925, and in which the plaintiff Ellen Eddins, was named beneficiary. The policy was based on a written application and a regular medical examination. These were not attached to, incorporated in, or indorsed on, the policy when issued. The usual provision of forfeiture for non-payment of weekly dues was stipulated in the policy. The insured let the policy lapse, and forfeited same by failing to pay her weekly

dues sometime during the year 1927. On May 3, 1927, she made a written application to have her policy revived. In this written application she made the following statement:

"I hereby declare that I am the person who was formerly insured under the above named policy, and that having allowed it to become lapsed, I wish to revive it. I certify that I am now in good health, that I am suffering from no disease either acute or chronic, nor from the result of any accident or injury. Since my policy was lapsed I have been treated or examined by no physician except Doctor (none). (If female) are you now pregnant? No.

"I ask a revival of my policy with the understanding that it will not be in force (although I now pay the arrears) until the Company shall have approved this application and evidenced same by endorsement on my policy, and that my policy, if revived, will only be in such benefit as provided by the rules of the Company."

On the strength of this revival application, the policy was revived as of May 16, 1927. On June 24, 1927, the insured died in the city of Alexandria. Due proof of the death of the insured was made by the plaintiff, her sister, and demand was made upon the defendant for the payment of the policy. The defendant declined and refused to pay, and the plaintiff thereupon brought suit for double the amount of the policy and attorney's fee. On the trial of the case in the lower court, judgment was rendered in favor of the plaintiff, but her demand for attorney's fee was rejected. The defendant took a suspensive appeal to this court, and the plaintiff did not answer.

The defense set up by the defendant is two-fold: (1) That in her original application for the insurance the insured made false statements or representations as to her health; and (2) that in her revival application she also made false statements as to her health and as to her having been treated or examined by any physi-

cian since the forfeiture of her policy on account of the non-payment of her weekly premiums. It is specially alleged and proved on the trial of the case that the insured was a patient in the Shreveport Charity Hospital from April 17 to 26, 1927, and that she was treated for syphilis and a number of aggravated affections and diseases springing therefrom. Just a week after she was discharged from the hospital she went to the office of the defendant in the city of Shreveport and made the following written statement in her revival application:

"I hereby declare that I am the person who was formerly insured under the above named policy, and that having allowed it to become lapsed, I wish to revive it. I certify that I am now in good health, that I am suffering from no disease either acute or chronic, nor from the result of any accident or injury. Since my policy was lapsed I have been treated or examined by no physician except Doctor (none). * * *"

This answer was absolutely false, and therefore fraudulent.

The insured died June 24, 1927, from general peritonitis resulting from a rupture of an internal ulcer which was no doubt of syphilitic origin. It is certain that the insured had been suffering from this disease for many years; that she had been to the Shreveport Charity Hospital for treatment for it three or four different times at varying intervals during the last few years of her life. It is evident that she had this disease, and knew it, when she first applied for this insurance on her life, and consequently she was not in sound health at the time of the issuance of the policy, and was not entitled to receive it. The defendant has made this special defense, but, under the law, we think it is shut out from making this defense. Act No. 227 of 1916 specially provides that:

"* * * And no statement or statements not endorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy unless contained in a written application and unless a copy of such statement or statements be endorsed upon or attached to the policy when issued. Any waiver of the provisions of this section shall be void." Section 2.

As already stated, there were a written application and a medical examination, but these were not attached to the policy at the time it was issued. Therefore the defendant cannot, under the law just quoted, refuse to pay this policy on account of any misstatement made by the insured in her application, even though it may have been fraudulent.

But it is conceded that this policy was legally forfeited for non-payment of the weekly premiums. Until and unless this forfeiture is set aside and the policy revived, the beneficiary could not and cannot collect any sum from the defendant on account of the death of the insured. An attempt to revive the policy and set aside the forfeiture was made on May 3, 1927. On that date the insured, accompanied by the beneficiary, went to the office of the defendant in Shreveport and paid the sum of $5.60, and signed a written statement that, since the policy was lapsed, she had not been treated or examined by any physician, and that, at the time of signing the revival application, she was in good health and suffering from no disease, either acute or chronic, nor from the result of any accident or injury. This statement of the insured was false and fraudulent. On the strength of it, there was issued on May 16, 1927, by the defendant at its home office at Nashville, Tenn., a revival of the policy. This revival certificate reads as follows:

"In consideration of the payment of the required arrears, the above policy is here-

by revived, subject to all the terms and conditions of the original policy herein designated. * * *

"This revival endorsement is void, unless the insured under the original policy is alive and in sound health at the date hereof, and no liability whatever is assumed for death or disability due to causes originating prior to this date."

As will be seen from this revival certificate, it was void in case the insured were not in sound health at that date. From the testimony it is evident that the insured secured this revival of her policy fraudulently. She stated that she had not been treated or examined by any doctor since her policy was lapsed, when as a matter of fact she was just out of the Charity Hospital where she had been treated for nine days for an incurable disease that she had had for many years, and from which she died during the month after she signed this written statement. The only evidence of the revival of the policy is this revival certificate which we mention above, and by its very terms it is void because of the false statement made by the insured in the presence of the beneficiary.

The only law cited by counsel for the plaintiff is Act No. 97 of 1908, but that can have no application here, as we hold that there was a medical examination, but that the defendant can take no steps to void the policy ab initio on account of any false representations contained in it because of the fact that the application and examination do not appear to have been attached to the policy at the time it was issued. See Act No. 227 of 1916. But, while we find and hold that the defendant cannot take advantage even of the fraudulent misrepresentations made by the insured in her application and medical examination, the policy was duly lapsed for non-payment of weekly premiums. The defendant required written answers to certain questions before this forfeiture would be set aside. The evidence is conclusive that the insured's statement made for the purpose of reviving the policy was fraudulently false. This being true, the revival was void. Act No. 227 of 1916 does not apply to the written statement made for the purpose of reviving a policy after it lapses for non-payment of premiums, and we find no law denying to the defendant its defense set up as to the fraudulent representation made for the purpose of reviving the policy.

For the reasons assigned, the judgment appealed from is annulled and reversed, and the demands of the plaintiff are rejected at her costs in both courts.